UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DARRYL M. HARRIS, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 2:07-CV-332 RM |
| UNITED WATER SUEZ, | ) ) ) | |
| Defendant | ) | |

<u>OPINION and ORDER</u>

Darryl Harris filed his complaint in this action on September 24, together with a petition to proceed without payment of the filing fee. In his application to proceed *in forma pauperis*, Mr. Harris represented that he was unemployed, he had a total of $13.00 in cash and in bank accounts, and his only asset was a 1994 automobile. Mr. Harris signed the application under the sentence stating, "I declare under penalty of perjury that the above information is true and correct." Mr. Harris' request to proceed without prepayment of the filing fee was granted, and Mr. Harris was ordered to pay the $350 filing fee from the proceeds of any recovery he receives in this case. Mr. Harris filed an amended complaint on November 8, but didn't file an amended *in forma pauperis* petition.

This cause is now before the court on the motion of defendant United Water Services, Inc. to dismiss Mr. Harris' complaint pursuant to 28 U.S.C. § 1915(e)(2)(A), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . the allegation of poverty is untrue." United Water asserts that Mr. Harris' allegation of poverty is false and, in support, submits the affidavit of Victoria E. McIntosh, the Human Resource Manager for the company's Gary, Indiana, facility. Ms. McIntosh states that as of November 21, 2007, Mr. Harris is "on an approved medical leave pursuant to the Family and Medical Leave Act. [He] is still an active employee [of United Water] and continues to earn paid holidays and time off while on leave." Deft. Exh. 2. United Water also produced evidence that Mr. Harris received paychecks, dated March 18, 2007 through November 21, 2007, totaling $41,200.56. Deft. Exh. A. United Water argues that because Mr. Harris' true income for 2007 – $39,908.35 as of the date of his IFP petition – is well above the 2007 Department of Health and Human Services Poverty Guidelines applicable to residents of Indiana – which for a family of three is $17,170.00 – his complaint should be dismissed with prejudice.

   Mr. Harris has filed his disagreement with United Water's motion to dismiss. Mr. Harris uses his response to lodge complaints about actions of United Water that, he says, made it "easy for [him] to believe that [he] would definitely be unemployed by Monday September 24, 2007," but he admits "it turned out that [he] was not terminated." Resp., at 2. Mr. Harris maintains that the company's actions "completely occupied [his] mind causing intensifying emotional distress and mental anguish whereas [he] did not at any time afterwards recall what [he] had put on the pauper's application. It was the farthest from [his] mind." Resp., at 2-3. According to Mr. Harris, the company's "malicious conduct provoked the

2

initial filing of this claim . . . and result[ed] in [his] being incompetent during the filing." Resp., at 7. Mr. Harris claims he didn't recognize the purpose of the questions asked on the IFP form and adds that "[h]ad I recognized it, I would have tried to give the most honest answer, as possible." Resp., at 4. Mr. Harris offers his apology for the errors, says he recently received enough money to pay the filing fee, and asks for an extension of time to do so.

28 U.S.C. § 1915(e)(2)(A) directs that a court "shall dismiss" a case containing an untrue allegation of poverty. United Water has presented evidence of Mr. Harris' continued employment with the company and evidence that Mr. Harris' 2007 income exceeds federal poverty guidelines. Mr. Harris hasn't challenged the company's evidence or presented evidence of his own to establish that the statements in his pauper affidavit about his lack of employment and income were true. Mr. Harris hasn't denied that his poverty allegations were false, but has instead attempted to justify his actions in this regard by blaming United Water. The court concludes that Mr. Harris' claim that United Water is responsible for the false allegations of his *in forma pauperis* application is without merit and justifies dismissal of his complaint with prejudice. *See* Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 307 (7th Cir. 2002) ("Dismissal without prejudice would have been no sanction at all . . . [a]nd a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets.").

Based on the foregoing, the court concludes that Mr. Harris' allegation of poverty was untrue and his amended complaint must be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(A). The motion of United Water to dismiss [docket # 23 ] is GRANTED, and this cause is DISMISSED with prejudice as a sanction for making false allegations of poverty.

    SO ORDERED.

    ENTERED:   December 28, 2007

                             /s/ Robert L. Miller, Jr.
                             Chief Judge
                             United States District Court